[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Daniel C. Settani appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The police encountered the plaintiff operating his vehicle on August 20, 1996, and subsequently arrested him and charged him with driving while under the influence of CT Page 512 alcohol in violation of General Statutes § 14-227a. Within two hours after operation, the police administered two breath tests with results of .229 and .222, respectively, and these results were admitted in evidence at the administrative hearing. In opposition, the plaintiff entered in evidence a written statement of an expert toxicologist to the effect that, in his opinion, it is not scientifically possible to determine, from the results of the breath tests, the plaintiff's alcohol level at the time of operation of the vehicle. There was no other evidence on that issue.
The relevant statutory provisions are contained in General Statutes § 14-227b, as amended by Public Acts 93-371 and 94-189. The legislature enacted Public Act 93-371 after the Appellate Court's decision in Marshall v.DelPonte, 27 Conn. App. 346 (1992). That decision held that there had to be substantial evidence in the record to support a hearing officer's finding that the results of a chemical test, performed subsequent to the individual's arrest, could be extrapolated back to the time of operation of the vehicle. Public Act 93-371 amended General Statutes § 14-227 (f) to eliminate that requirement.
In Public Act 94-189, the legislature eliminated the requirement that the hearing officer make a finding concerning the level of alcohol in the driver's blood at the time of operation. Instead, the statute as amended requires the commissioner to suspend the license of a driver if the tests are administered within two hours after operation and reveal an illegal level at the time of the tests. The statute now reads, as it pertains to this case, as follows:
 (f)(3) . . . did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol by weight. . . . In the hearing, the results of such test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation. . . . CT Page 513
 (g) . . . If, after such hearing, the commissioner does not find on any one of the said issues in the negative . . . the commissioner shall affirm the suspension. . . .
 (h) The commissioner shall suspend the operator's license . . . for a period of: (1)(A) Ninety days, if such person submitted to a test or analysis and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight, or . . . (B)(2) one year if such person has previously had his operator's license . . . suspended under this section. . . .
In the present case, the hearing officer found that the tests, which were administered within two hours after operation of the vehicle, indicated an illegal level of alcohol in the plaintiff's blood. In accordance with the provisions of § 14-227b, excerpted above, the commissioner suspended the plaintiff's license for a period of one year.
The plaintiff's appeal of the commissioner's decision is based on the premise that the hearing officer must still determine that the alcohol level of the plaintiff's blood exceeded the legal level at the time the plaintiff was operating his vehicle. As noted above, however, Public Act 94-189 completely eliminated that requirement. With exceptions that do not pertain here, the hearing officer need only find that the alcohol level of the plaintiff's blood exceeded the legal limit within two hours after operating the vehicle. That finding in this case was based on substantial undisputed evidence in the record — the test results — and the court must uphold it, therefore. Connecticut Building Wrecking Co. Carothers,218 Conn. 580, 601 (1991).
Even if the statute were interpreted to require the hearing officer to extrapolate the results of the test back to the time of operation, subsection (f)(3) of §14-227b allows the hearing officer to infer the alcohol level at the time of operation from the results of tests administered within two hours after operation. This court has addressed the plaintiff's arguments that are directed CT Page 514 at this factfinding process in several previous cases and determined that the arguments may not be sustained. SeeJarvis v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV 96 055 85 78, 18 Conn. L. Rptr. No. 5, 153 (January 13, 1997); Ramisk v. Commissioner of MotorVehicles, CV96 055 84 92, Superior Court, judicial district of Hartford/New Britain at Hartford (July 11, 1996).
For all of the above reasons, the court affirms the decision of the defendant commissioner. The plaintiff's appeal is dismissed.
MALONEY, J.